UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS          WESTERN DIVISION
-------------------------------------------------------------------------

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98 HEALTH AND WELFARE FUND, by Michelle Schweitzer, as Administrator, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98 PENSION FUND, by Michelle Schweitzer, as Administrator; INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98 ANNUITY FUND, by Michelle Schweitzer, as Administrator; LOCAL 98 ENGINEERS JOINT TRAINING, RETRAINING, SKILL IMPROVEMENT, SAFETY EDUCATION, APPRENTICESHIP AND TRAINING FUND, by Michelle Schweitzer, as Administrator; INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98 AND EMPLOYERS COOPERATIVE TRUST, by Donald Mason and Eugene P. Melville, Jr., as Trustees; CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, by Michael R. Fanning, as Chief Executive Officer; and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98, AFL-CIO, by Eugene P. Melville, Jr., as Business Manager, | **COMPLAINT**<br><br>Civil Action No. _____ |
| Plaintiffs, | |
| v. | |
| BRADWAY CONSTRUCTION, INC., and SCOTT C. BRADWAY, Individually and as an Officer of Bradway Construction, Inc., | |
| Defendants. | |

-------------------------------------------------------------------------

Plaintiffs, by their undersigned attorneys, Blitman & King, LLP, complaining of the Defendants, respectfully allege as follows:

### I. JURISDICTION AND VENUE

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended [hereinafter "ERISA"] [29 U.S.C. §§1001 et. seq.]. It is an action by fiduciaries of employee benefit plans for monetary and injunctive relief under ERISA Sections 515 and 502 (g)(2). [29 U.S.C. §§1145 and 1132 (g)(2)].

2. This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended [hereinafter "LMRA"] [29 U.S.C. § 185(a)]. It is a suit for, among other things, violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the LMRA [U.S.C. §141 et seq.].

3. Jurisdiction is conferred on this Court by ERISA Section 502 (e)(1) [29 U.S.C. §1132(e)(1)], without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA 502 (f) [29 U.S.C. §1132 (f)]. Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to LMRA Section 301 (a) [29 U.S.C. §185 (a)], and pursuant to the laws of the United States of America [28 U.S.C. §1337].

4. Jurisdiction is further conferred on this Court for all non-federal claims that so relate to the federal claims as to form part of the same case or controversy within the meaning of Article III of the United States Constitution such that this Court may exercise supplemental jurisdiction over those non-federal claims [28 U.S.C. §1367].

5. Venue is established in this Court by ERISA Section 502 (e)(2) [29 U.S.C. §1132 (e)(2)] and LMRA Section 301 (c) [29 U.S.C. §185 (c)] as it is an action brought in the district where the plans are administered and where the breach took place.

## II. DESCRIPTION OF THE PARTIES

6. Plaintiff Michelle Schweitzer is the Administrator of the International Union of Operating Engineers Local 98 Annuity Fund ["Annuity Fund"], International Union of Operating Engineers Local 98 Pension Fund ["Pension Fund"], International Union of Operating Engineers Local 98 Health and Welfare Fund ["Health and Welfare Fund"], Local 98 Engineers Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund ["Local 98 Apprenticeship and Training Fund"] [hereinafter the Annuity Fund, Pension Fund, Health and Welfare Fund, and the Local 98 Apprenticeship and Training Fund are referred to as "IUOE Local 98 Funds"]. The IUOE Local 98 Funds are administered at Two Center Square, P.O. Box 217, East Longmeadow, Massachusetts 01028.

7.  Plaintiffs David J. Tierney, III and Eugene P. Melville, Jr. are Trustees of the International Union of Operating Engineers Local 98 and Employers Cooperative Trust ["Cooperative Trust Fund" or "ECT"]. The ECT is administered at Two Center Square, P.O. Box 217, East Longmeadow, Massachusetts 01028.

8.  Plaintiff Michael R. Fanning is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers [hereinafter "Central Pension Fund"]. Mr. Fanning is a fiduciary of the Central Pension Fund, as defined in Section 3(14)(A) of ERISA [29 U.S.C. §1002(14)(A)]. The Central Pension Fund maintains an office and principal place of business at 4115 Chesapeake Street, N.W., Washington, D.C. 20016.

9.  The IUOE Local 98 Funds and the Central Pension Fund [hereinafter collectively referred to as "Funds" or "Plans"], established pursuant to collective bargaining agreements, are multi-employer plans, as defined in §3(37) of the Act [29 U.S.C. §1002(37)], and are employee benefit plans, as defined in §3(3) of the Act [29 U.S.C. §1002(3)].

10. Plaintiff Eugene P. Melville, Jr. is the Business Manager of the International Union of Operating Engineers Local 98, AFL-CIO [hereinafter "Union"]. The Union is an unincorporated association maintaining its principal offices at Two Center Square, P.O. Box 217, East Longmeadow, Massachusetts 01028 and is a labor organization in an industry affecting commerce, within the meaning of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 141, et seq.].

11. Upon information and belief, Defendant Bradway Construction, Inc. [hereinafter "Defendant Corporation"] is a corporation incorporated under the laws of the State of Massachusetts, having its principal place of business and offices located at 396 West Street, Ludlow, Massachusetts 01056, and, at all times relevant herein, was doing business in Massachusetts.

12. Upon information and belief, Defendant Scott C. Bradway [hereinafter "Defendant Bradway"] is a resident of the State of Massachusetts, with a last known address of 312 Ventura Street, Ludlow, Massachusetts 01056 and, at all times relevant herein, is the President and Officer of the Defendant Corporation Bradway Construction, Inc., and, at all times relevant herein, was doing business in Massachusetts.

13. The Defendants are an employer in an industry affecting commerce, all as defined in § 3(5)(11) and (12) of the Act [29 U.S.C. § 1002(5)(11) and (12)]. The Defendants are also employers of employees covered by employee benefit plans and multiemployer plans maintained pursuant to collective bargaining agreements, all as defined in § 3(3) and (37) of the Act [29 U.S.C. § 1002(3) and (37)] and are obligated to make contributions to the Funds in accordance with § 515 of the Act [29 U.S.C. § 1145].

14. Defendants are parties in interest with respect to the Funds as defined in § 3(14)(H) of the Act [29 U.S.C. § 1002(14)(H)] and act directly as employers and/or indirectly in the interests of employers in relation to the Plans, all as defined in § 3(5) of ERISA [29 U.S.C. § 1002(5)].

15. To the extent that Defendants exercised any authority or control with respect to the management or disposition of assets of Plaintiff Funds, they are fiduciaries within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

### III. FIRST CAUSE OF ACTION

16. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "15" inclusive of this Complaint as if set forth fully at this point.

17. Section 515 of the Act [29 U.S.C. § 1145] provides that:

> Every employer who is obligated to make contributions to a
> multiemployer plan under the terms of the plan or under

>  the terms of a collectively bargained agreement shall, to
>  the extent not inconsistent with law, make such
>  contributions in accordance with the terms and conditions
>  of such plan or such agreement.

18. At all times relevant herein, Defendant Corporation was party to collective bargaining agreements with International Union of Operating Engineers Local 98, AFL-CIO [hereinafter "Agreements"].

19. At all times relevant herein, Defendant Corporation was bound by the terms and conditions, rules and regulations of the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Annuity Fund, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Pension Fund, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Health and Welfare Fund, the Restated Agreement and Declaration of Trust of the Local 98 Engineers Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local No. 98 and Employers Cooperative Trust, the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the International Union of Operating Engineers Local 98 Pension, Annuity, Health and Welfare and Training Funds' Collections Policy [hereinafter "Trusts" and "Collections Policy"].

20. The Agreements, Trusts, and/or the Collections Policy obligate the Defendant Corporation to remit contributions and/or deductions to the Plaintiffs.

21. The Defendant Corporation is required to pay the contributions and deductions to the Plaintiffs for each hour it performed work covered by the Agreements and to remit those monies to

Plaintiffs by the tenth (10th) day of the month following the month during which the hours were worked by its employees, subcontractors or independent contractors.

22. Under the Trusts, the Collections Policy, and 29 U.S.C. § 1132(g)(2), if the Defendant Corporation fails to timely remit contributions and deductions, it is liable not only for the amount of contributions and deductions due, but also for the following: (1) interest on the unpaid and untimely paid IUOE Local 98 Funds contributions, calculated at the rate of one and one-half percent (1-1/2%) per month; (2) the greater of interest on the unpaid and untimely paid IUOE Local 98 Funds contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; (3) interest on the unpaid and untimely paid Central Pension Fund contributions, calculated at the rate of nine percent (9%) of those delinquent contributions; (4) the greater of interest on the unpaid and untimely paid Central Pension Fund contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; (5) interest on the unpaid and untimely paid Local 98 ECT contributions, calculated at the rate of twelve percent (12%) per annum; (6) interest on the unpaid dues deductions and Social Action Fund monies, calculated at the rate of twelve percent (12%) per annum; and (7) costs and fees of collection, audit fees, and attorneys' and paralegal fees.

23. Defendant Corporation is contractually liable under the Agreements, Trusts and Collections Policy to timely report on a monthly basis the number of hours of bargaining unit work, i.e. work covered by the Agreement, performed by it.

24. The Agreements, Trusts, the Collections Policy and ERISA obligate Defendant Corporation to permit the Plaintiffs, on demand, to check, examine and audit its books and records, papers and reports as may be necessary to permit the Plaintiffs to determine whether Defendant Corporation accurately reported the number of hours of bargaining unit work performed by it and to determine the

amount of contributions due and owing to Plaintiffs, including, but not limited to, its payroll records, timecards, accounts payable records, general ledgers, cash disbursements journal, hours reports, tax returns and any other records relating to hours worked by all employees, including union, non-union, bargaining unit and non-bargaining unit employees, subcontractors, and independent contractors of Defendant Corporation.

25. Defendant Corporation is contractually liable under the Agreements, Trusts and Collections Policy to pay the costs and expenses of the audit, all auditing fees, and any and all attorneys' and paralegal fees and costs incurred by the Plaintiffs in obtaining the audit.

26. Defendant Corporation has failed and refused, and continues to fail and refuse, to produce all of its book and records for an audit, despite Plaintiffs' request.

27. Defendant Corporation must be ordered to produce its books and records, including but not limited to general ledgers and cash disbursement journals, for the period January 1, 2010 to May 31, 2013 for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit.

28. In the event it is discovered that Defendant Corporation has not properly submitted accurate reports to the Plaintiffs and has not properly paid the appropriate monies to the Plaintiffs, the Court must enter a judgment for any and all contributions and deductions that are determined to be due, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees, all at the rates set forth in Complaint paragraph no. 22.

### IV.  SECOND CAUSE OF ACTION

29. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "28" inclusive of this Complaint as if set forth fully at this point.

30. Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit [29 U.S.C. §1106(a)(1)(A) and (B)]. Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account [29 U.S.C. §1106(b)(1)-(3)].

31. Section 406 of the Act [29 U.S.C. §1106] provides that the following is illegal:

   (A)   sale or exchange, or leasing, of any property between the plan and a party in interest;

   (B)   lending of money or other extension of credit between the plan and a party in interest;

   (C)   furnishing of goods, services, or facilities between the plan and a party in interest;

   (D)   transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan; or

   (E)   acquisition, on behalf of the plan, of any employer security or employer real property in violation of Section 1107(a) of this title.

32. At all times relevant herein, Defendants were parties in interest with respect to the Plaintiffs' Plans because each was a fiduciary, employer, or owner within the meaning of ERISA Section 3(14)(A), (C) and (E) [29 U.S.C. §1002(14)(A), (C) and (E)].

33. The Trusts of the Annuity Fund, Pension Fund, Health and Welfare Fund, Local 98 Apprenticeship and Training Fund, Cooperative Trust Fund, and Central Pension Fund provide that the Funds' Trustees are vested with all right, title and interest in and to such contributions and all interest which may be accrued thereon.

34. The Trusts of the Annuity Fund, Pension Fund, Health and Welfare Fund, Local 98 Apprenticeship and Training Fund, Cooperative Trust Fund, and Central Pension Fund provide that title to all contributions paid into and/or due and owing to the Plaintiff Funds is vested in and remains exclusively in the Trustees of the Plaintiff Funds; outstanding and withheld contributions constitute plan assets.

35. Defendants are obligated to remit contributions to the Plaintiff Funds as required by the Agreements, Trusts and Collections Policy.

36. Upon information and belief, Defendants have failed to pay contributions to the Plaintiff Funds and currently owe contributions to the Plaintiff Funds.

37. To the extent Defendant Bradway has withheld, permitted the withholding of, or authorized the withholding of the contributions from the Plaintiff Funds, Defendant Bradway has dealt with the plan assets in his own interest and/or exchanged property or extended credit from plan assets for his own personal use and benefit in violation of Section 406 of the Act.

38. To the extent Defendant Bradway has withheld, received and retained the contributions, or allowed the withholding and retention of contributions, Defendant Bradway, as a party in interest, has impermissibly used the assets of the Plaintiffs' Plans in contravention of §406 of the Act, the interests of the Plaintiff Funds and the interests of the Plaintiff Funds' fiduciaries, participants and beneficiaries.

39. Defendant Bradway, therefore, has damaged the Plaintiff Funds and is liable to Plaintiff Funds for the following:

   (A) Pay any delinquency uncovered by the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys and paralegal fees, all at the

rates set forth in Complaint paragraph No. 22; and

(B)   To restore to the Plans any profits that Defendants made through use and retention of the assets of the Plaintiff Funds.

## V.   THIRD CAUSE OF ACTION

40.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41.   ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" [29 U.S.C. §1104(a)(1)(A)].

42.   ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law [29 U.S.C. §1104(a)(1)(D)].

43.   The Trusts of the Annuity Fund, Pension Fund, Health and Welfare Fund, Local 98 Apprenticeship and Training Fund, Cooperative Trust Fund, and Central Pension Fund provide that the Funds' Trustees are vested with all right, title and interest in and to such contributions and all interest which may be accrued thereon.

44.   The Trusts of the Annuity Fund, Pension Fund, Health and Welfare Fund, Local 98 Apprenticeship and Training Fund, Cooperative Trust Fund, and Central Pension Fund provide that title to all contributions paid into and/or due and owing to the Plaintiff Funds is vested in and remains exclusively in the Trustees of the Plaintiff Funds; outstanding and withheld contributions constitute plan assets.

45. Defendants are fiduciaries of the monies so received and the monies so received and held by them constitute assets of the Plaintiff Funds to be utilized for the benefit of the Plaintiff Funds.

46. To the extent Defendants have withheld contributions from the Plaintiff Funds, Defendants have received and retained from the Plaintiff Funds, for their own personal use and benefit, monies which are rightfully assets of the Plaintiff Funds.

47. Defendant Bradway, upon information and belief, owned, controlled, and dominated the affairs of Defendant Corporation.

48. Defendant Bradway, upon information and belief, had managerial discretion and control over the Defendant Corporation, made decisions on behalf of the Defendant Corporation, signed contracts governing the Defendant Corporation, and acted on behalf of and in the interest of the Defendant Corporation in his dealings and relations with Plaintiff Funds.

49. Upon information and belief, Defendant Bradway determined which creditors Defendant Corporation would pay, determined when the Plaintiff Funds would be paid, determined how much money would be paid to the Plaintiff Funds, determined which employees of the Defendant Corporation would be reported to the Plaintiff Funds, determined the number of hours upon which contributions would be reported as owing to the Plaintiff Funds, and exercised control over money due and owing to the Plaintiff Funds, i.e., the Plan assets, and, therefore, is a fiduciary.

50. Upon information and belief, Defendant Bradway commingled assets of the Plaintiff Funds with the Defendant Corporation general assets and used the Plaintiff Funds' assets to pay other creditors of Defendant Corporation rather than forwarding the assets to the Plaintiff Funds.

51. Upon information and belief, Defendant Bradway transferred, applied or diverted, or permitted the transfer, application, use, or diversion of, the Plaintiff Funds' trust assets to purposes other than purposes of the Plaintiff Funds without first making payment to Plaintiff Funds.

52. The transfer of the assets to persons other than the Plaintiff Funds occurred, and/or the use of the assets for purposes other than those permitted by the Plaintiff Funds occurred, upon information and belief, with the knowledge and/or at the direction of Defendant Bradway.

53. Defendant Bradway is a fiduciary with respect to the plan assets he failed to timely pay into the Plaintiff Funds.

54. The use of the Plaintiff Funds' assets for purposes other than the interests of the Plaintiff Funds and their participants and beneficiaries is a violation of §§1104 and 1109 of ERISA.

55. Defendant Bradway, acting in his capacity as president or authorized agent of Defendant Corporation, abused his position as fiduciary to the extent he permitted, directed or instigated a transfer, application, or diversion in a manner contrary to his fiduciary obligation and his action is a breach of trust under ERISA, 29 U.S.C. §§1104 and 1109.

56. By reason of the wrongful diversion and/or conversion of the Plaintiff Funds' assets, the Plaintiff Funds have not been paid monies rightfully due to them.

57. As a result of his breach of fiduciary duties, Defendant Bradway is liable to Plaintiff Funds for the following:

 (A) Pay any delinquency uncovered by the audit or established by the Plaintiff Funds' formula audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys and paralegal fees, all at the rates set forth in Complaint paragraph No. 22; and

  (B)  To restore to the Plaintiff Funds any profits that they made through use and retention of the assets of the Plans; and

## VI. FOURTH CAUSE OF ACTION

58. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "57" inclusive of this Complaint as if fully set forth herein.

59. If this Court does not enjoin Defendants from further violations of ERISA, LMRA, the Agreement, Trusts, and Collections Policy, Plaintiffs will be further damaged as a result thereof in ways and amounts which cannot be accurately measured in terms of money, either as to extent or amount.

60. Defendants have failed to comply with their obligations to the Plaintiffs, despite due demand for compliance, and thus, unless this Court enjoins Defendants from violating ERISA, LMRA, the Agreement, Trusts, and Collections Policy, Defendants will continue to fail to timely remit contributions, deductions and monthly remittance reports described herein, causing Plaintiffs and the beneficiaries of the Funds to incur additional serious and irreparable harm by further burdening and obstructing the administration and operation of the Plaintiffs and endangering the payment of promised benefits from the Plaintiffs to qualified beneficiaries.

61. Defendants' failure to comply with their obligations to the Plaintiffs has reduced the corpus and income of the Plaintiffs thereby jeopardizing the stability and soundness of the Plaintiffs.

62. Defendants' failure to comply with their obligations to the Plaintiffs may cause sufficient instability to the Plaintiffs' financial affairs such that participant benefits may be reduced or terminated.

63. Based on the foregoing instances of serious, substantial, and irreparable injury and damage, a mere money judgment is an inadequate remedy at law.

64. Unless this Court enjoins Defendants from breaching ERISA, LMRA, the Agreement, Trusts, and Collections Policy and unless Defendants are compelled to remit all monies and reports that

become due or are determined to be due to Plaintiffs whether arising before or after commencement of the action, greater injury will be inflicted upon the Plaintiffs, their Trustees, participants and beneficiaries, by denial of relief than could possibly be inflicted upon Defendants by granting such relief.

65.     The Defendants have continuously failed to comply with their obligations to the Plaintiffs, despite due demand for compliance, and thus, unless the Defendants are is enjoined from violating the Act and breaching the terms of the Agreements, the Trusts and the Collections Policy, it is likely that the Defendants will, upon information and belief, continue to withhold records from the Plaintiffs and/or fail to timely remit contributions, deductions and monthly remittance reports, causing the Plaintiffs and the beneficiaries of the Funds to incur additional serious and irreparable harm by further burdening and obstructing the administration and operation of the Funds and endangering the payment of promised benefits from the Funds to qualified beneficiaries.  A mere money judgment is, thus, an inadequate remedy at law.

66.     Because the Defendants have failed to comply with its obligations to the Funds, the corpus of the Funds may have been reduced, their income may have been reduced, and their abilities to pay benefits may have been jeopardized, thereby endangering the stability and soundness of the Funds.  Again, a money judgment is, thus, an inadequate remedy at law since the Funds will suffer irreparable harm.

67.     Because the Defendants have refused to produce its records and/or failed to timely remit contributions, deductions and reports to the Plaintiffs, beneficiaries of the Funds may have benefits reduced or terminated that they would otherwise qualify for had the Defendants complied

with its obligations, thereby causing these beneficiaries and their families irreparable harm, and thus rendering a money judgment an inadequate remedy at law.

68.     Unless the Defendants are enjoined by this Court from breaching the terms of the Agreements, the Trusts and the Collections Policy and from violating the Act, and unless the Defendants are compelled to produce its records and to remit all monies and reports that become due or are determined to be due to Plaintiffs, whether arising before or after commencement of the action, greater injury will be inflicted upon the Plans, their Trustees, participants and beneficiaries, by denial of relief than could possibly be inflicted upon the Defendants by granting such relief.

### VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants, as follows:

1.    On Plaintiffs' First Cause of Action, judgment against the Defendants as follows:

   (A)    Requiring Defendants to produce all requested books and records, including but not limited to general ledgers and cash disbursement journals, for the period January 1, 2010 to May 31, 2013 for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit; and

   (B)    For any and all contributions and deductions that are determined to be due, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees, all at the rates set forth in Complaint paragraph no. 22.

2.    On Plaintiffs' Second and Third Causes of Action, judgment in favor of the Plaintiff Funds against the Defendants as follows:

   (A)    Pay any delinquency uncovered by the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys and paralegal fees, all at the rates set forth in Complaint paragraph No. 22; and

    (B)     To restore to the Plaintiff Funds any profits that Defendants made through use and retention of the assets of the Plans.

3.    On Plaintiffs' Fourth Cause of Action, judgment against the Defendants as follows:

    (A)     Judgment for any and all additional contributions and deductions that become due following commencement of the action or are determined to be due whether arising before or after commencement of the action, plus the following: (1) interest on the unpaid and untimely paid IUOE Local 98 Funds contributions, calculated at the rate of one and one-half percent (1-1/2%) per month; plus (2) the greater of interest on the unpaid and untimely paid IUOE Local 98 Funds contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (3) interest on the unpaid and untimely paid Central Pension Fund contributions, calculated at the rate of nine percent (9%) of those delinquent contributions; plus (4) the greater of interest on the unpaid and untimely paid Central Pension Fund contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (5) interest on the unpaid and untimely paid Local 98 ECT contributions, calculated at the rate of twelve percent (12%) per annum; plus (6) interest on the unpaid dues deductions and Social Action Fund monies, calculated at the rate of twelve percent (12%) per annum; plus (7) costs and fees of collection, audit fees, and attorneys' and paralegal fees.

DATED: January 8, 2014                      **BLITMAN & KING, LLP**

By: _____
Bryan T. Arnault, of Counsel
Bar Roll No. 678493
Attorneys for Plaintiffs
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-5426
Telephone: (315) 422-7111
Facsimile: (315) 471-2623
E-mail: btarnault@bklawyers.com

BTA\iuoe98-Coll\Bradway\Complaint